# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EGON OLDENDORFF (LIBERIA) INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 00074 |
| | ) | |
| MING JADE INVESTMENTS, S.A., | ) | Honorable Ronald A. Guzman |
| | ) | |
| Defendant. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| NOVICK INDUSTRIES, INC., | ) | |
| | ) | |
| Garnishee. | ) | |

## MOTION FOR JUDGMENT

Plaintiff, EGON OLDENDORFF (LIBERIA) INC. ("Oldendorff" or "Plaintiff"), by its attorneys Shari L. Friedman and Warren J. Marwedel of Marwedel, Minichello & Reeb, P.C., complaining of the above-named Garnishee, NOVICK INDUSTRIES, INC. ("Novick"), states as follows:

1. This action was initially filed on January 6, 2006. [Docket # 1]. It was filed as an action based on breach of a maritime contract of charter party. Pursuant to the charter party, Oldendorff, as owner, chartered the M/V THEODOR OLDENDORFF ("the Vessel") to Ming Jade Investments, S.A. ("Ming Jade"), as charterer, for a voyage from the U.S. Gulf to Nigeria. Except for a small sum of money, Defendant Ming Jade refused to pay the demurrage or otherwise provide adequate assurances of performance, in breach of the charter party. By a subsequent charter party, Ming Jade sub-chartered the Vessel to Garnishee Novick

Industries Inc. as a result of said sub-charter, Novick became indebted to Ming Jade in a sum that exceeded Ming Jade's debt to Oldendorff.

2. In an effort to collect monies due to it, Oldendorff sought a maritime attachment against funds held by Garnishee Novick belonging to Ming Jade. On January 9, 2006, this Court issued an ex parte order for process of maritime attachment and garnishment as against Novick pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. [Docket # 16].

3. The action between Oldendorff and Ming Jade was subsequently stayed by the Court while Oldendorff negotiated a settlement of Ming Jade's liability directly with Garnishee Novick. [Docket # 29].

4. Oldendorff and Novick subsequently entered into a Settlement Agreement, dated May 18, 2006. In connection with, and as part of, said Agreement, Novick executed a Promissory Installment Note and a Confession of Judgment, both in favor of Oldendorff. True and correct copies of the executed Settlement Agreement, Promissory Note and Confession of Judgment are submitted herewith as Exhibits A, B and C, respectively.

5. By order entered June 8, 2006, the Court dismissed the action, but retained jurisdiction to enforce any settlement agreements. [Docket # 34].

6. Pursuant to the Settlement Agreement executed by Novick in favor of Oldendorff, Novick was to have paid Oldendorff the total sum of $575,000.00.

7. Novick has failed and refused to pay all of the monies owed by it to Oldendorff under the terms of the Settlement Agreement and Promissory Note. To date, Novick has paid only $273,950.00 leaving a principal balance due of $301,050.00. Novick has made no

payments since January, 2007. See Affidavit of Wictoria Sjodin, submitted herewith as Exhibit D.

8. Pursuant to paragraph 2 of the Note and paragraph 9 of the Settlement Agreement, Novick's failure to make payments when due is a default of said agreements. Pursuant to paragraph 9 of the Settlement Agreement and paragraph 5 of the Confession of Judgment, upon default of the terms of the Note or Agreement, Oldendorff shall be entitled to the entire unpaid balance of the settlement plus interest on such unpaid balance at 9% per annum from the date of the Agreement. The Agreement is dated as of May 18, 2006. Interest at the rate of 9% per annum on the unpaid principal balance of $301,050.00 from May 18, 2006 through April 22, 2008 totals $50,848.10. Thus, the total amount due and owing by Novick to Oldendorff through April 22, 2008 is $351,898.10.

9. Paragraph 7 of the Confession of Judgment provides that upon default by Novick of the terms of the Settlement Agreement, Oldendorff shall be entitled to file the Confession of Judgment for all amounts then still due and owing to it.

WHEREFORE, Plaintiff EGON OLDENDORFF (LIBERIA) INC. respectfully requests that Judgment be entered in its favor and against NOVICK INDUSTRIES, INC. in the sum of $351,898.10 plus interest at the rate of 9% per annum on so much of the principal sum ( $301,050.00) that remains due and owing, until said sum is paid in full.

Respectfully submitted,

EGON OLDENDORFF (LIBERIA) INC.

By: /s/ Shari L. Friedman
    Shari L. Friedman (06193095)
    Warren J. Marwedel (01785109)
    Marwedel, Minichello & Reeb, P.C.

10 S. Riverside Plaza
Suite 720
Chicago, Illinois 60606
(312) 902-1600
sfriedman@mmr-law.com
wmarwedel@mmr-law.com